1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Xavier M. Brandwajn (State Bar # 246218)
2  600 Hansen Way
   Palo Alto, CA  94304-1043
3  Telephone:  +1.650.856.6500
   Facsimile:   +1.650.843.8777
4
   Attorneys for Plaintiff
5  ROBERT L. GELTZER, CHAPTER 7 TRUSTEE OF
   FLAGSHIP GLOBAL HEALTH, INC.
6

*GRANTED — Judge Maria-Elena James*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FLAGSHIP GLOBAL HEALTH, INC.,<br><br>                              Debtor. | [Case No. 08-13246 (JMP) under Chapter 7 in the United States Bankruptcy Court for the Southern District of New York] |
| ROBERT L. GELTZER, as Chapter 7 Trustee of Estate of FLAGSHIP GLOBAL HEALTH, INC.,<br><br>                              Plaintiff,<br><br>        vs.<br><br>i365, INC and EVAULT, INC.,<br><br>                              Defendant. | Case No.  10-CV-03618-MEJ<br><br>STATUS REPORT |

1    Pursuant to the Court's December 13, 2010 "Second Order Re: Status," and with
2  apologies to the Court for not having been able to comply with the Court's prior November 29
3  "Order Vacating CMC and Order Regarding Status," plaintiff Robert L. Geltzer, Esq., as Chapter
4  7 Trustee (the "Trustee" or "Plaintiff") of the Debtor, Flagship Global Health, Inc. (the "Debtor"),
5  and as Trustee, hereby submits the following report on the status of the above-captioned action.

6    Plaintiff expects that this action will soon be dismissed.  On December 16, 2010, the
7  parties' settlement discussions to date resulted in the execution of a "Stipulation Of Settlement
8  Between Robert L. Geltzer, As Chapter 7 Trustee Of Flagship Global Health, Inc. And Defendant
9  i365, Inc. F/K/A Evault, Inc." (the "Settlement Agreement").  The Settlement Agreement
10 requires, among other things:  (1) Plaintiff to have the parties' settlement approved by an order of
11 the Bankruptcy Court for the Southern District of New York as promptly as possible, and (2)
12 Plaintiff to dismiss the above-captioned action within ten calendar days of the date on which the
13 approval order of the Bankruptcy Court for the Southern District of New York becomes final.
14 Plaintiff anticipates that both of these preconditions to the dismissal of this action will occur in
15 short order.

16    In view of the parties' execution of the Settlement Agreement and the anticipated
17 dismissal of this action in the near future, Plaintiff respectfully requests that the Court vacate all
18 case deadlines in this action until March 31, 2011, at which time, if this action has not yet been
19 dismissed, Plaintiff will further apprise the Court of the status of this action.

Dated: December 20, 2010               Respectfully submitted,

                                       SQUIRE, SANDERS & DEMPSEY L.L.P.


                                       By: /s/ Xavier M. Brandwajn
                                              Xavier M. Brandwajn

                                       Attorneys for Plaintiff
                                       ROBERT L. GELTZER, CHAPTER 7 TRUSTEE OF
                                       FLAGSHIP GLOBAL HEALTH, INC.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 600 Hansen Way, Palo Alto, California 94304-1043. On December 20, 2010, I served true and correct copies of the within documents:

**STATUS REPORT**

to the following:

i365, Inc. (f/k/a Evault, Inc.)
Terry Cunnigham
31010 Jay Street, Suite 110
Santa Clara, CA 95054

Peter J. Mastan, Esq.
GUMPORT | MASTAN
550 S. Hope Street, Suite 825
Los Angeles, CA 90071
Tel: (213) 452-4900

Service was accomplished as follows.

☐ **By Electronic Mail.** On _____, the documents listed above were electronically mailed to the parties at their known e-mail addresses.

☐ **By Facsimile.** According to Normal Business Practices, on the above date, at my place of business at the above address, I telefaxed a copy thereof to the following individual(s) at the following facsimile number(s):

☐ **By Certified/Return Receipt U.S. Mail**, According to Normal Business Practices. On the above date, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

☒ **By Federal Express**: On the above date, I sealed the above document(s) in an envelope or package designated by Federal Express, an express service carrier, addressed to each of the above-designated addressee, and I deposited each sealed envelope or package in a box or other facility regularly maintained by the express service carrier, or delivered that envelope or package to an authorized courier or driver authorized by the express service carrier to receive documents, located in Palo Alto, California, with delivery fees paid or otherwise provided for.

1  I declare under penalty of perjury under the laws of the State of California that the above
2  is true and correct.
3  Executed on December 20, 2010, at Palo Alto, California.

/s/
Daniela Fontana

PALOALTO/123981.1